Electronically Filed by  Superior Court of California, County of Orange,  ?9/2022 06:59:16 PM.
30-2022-01261553-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

ROBERT L. BOOKER II, ESQ. (BAR NO. 232065)
ANDY MENDOZA (BAR NO. 234231)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: Robert@Lyfe.com
Email: AndyM@Lyfe.com

Attorneys for Plaintiffs
ANNETTE SERNA & ALEXANDER NATANSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE – UNLIMITED

Assigned for All Purposes
Judge Craig Griffin

| | |
|---|---|
| ANNETTE SERNA an individual, ALEXANDER NATANSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE MEMBERSHIP, INC. a California company; JEFF PIERINI, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 30-2022-01261553-CU-PO-CJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Premises Liability<br>2. General Negligence<br>3. Loss of Consortium<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiffs ANNETTE SERNA & ALEXANDER NATANSON allege as follows:

### PRELIMINARY ALLEGATIONS

1.      Plaintiff ANNETTE SERNA (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Orange, State of California. Plaintiff ALEXANDER NATANSON (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Orange, State of California. On August 21, 2020, Plaintiffs ANNETTE SERNA & ALEXANDER NATANSON were lawfully married in the State of California and lived together as husband and wife.

---

COMPLAINT FOR DAMAGES

**LyfeLaw**

2.     Defendant COSTCO WHOLESALE MEMBERSHIP, INC. (hereinafter referred to as "Defendant") is, and at all times hereinafter mentioned was, a company doing business in and with a principal place of business in the County of Orange, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendant does business in, purposefully avail itself of, or otherwise reside within the State of California. Defendant JEFF PIERINI (hereinafter referred to as "Defendant"), is, and at all times hereinafter mentioned was, an individual residing in the County of Orange, State of California. Defendants are, and at all times herein mentioned were, one of the owners and/or managers of a certain property located at 115 Technology Dr., Irvine, California 92618 (hereinafter referred to as "PREMISES").

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said defendant by such fictitious names, and Plaintiffs will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed, believe, and thereon allege that each of the defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein alleged.

4.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned defendants, and each of them, were acting on their own behalf and as the agents, employees and representatives of each other and of DOES 1 through 100, inclusive, (collectively referred to hereinafter as "Defendant") and were and are at all times relevant hereto acting within the scope and authority of such agency and employment and with the knowledge, consent, approval and ratification of each of the named defendants and of DOES 1 through 100, inclusive.

5.     Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one defendant resides in this judicial district.

6.     Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $25,000.00.

---

**COMPLAINT FOR DAMAGES**

14

**LyfeLaw**

## FIRST CAUSE OF ACTION

## PREMISES LIABILITY – AGAINST ALL DEFENDANTS

7. Plaintiffs incorporate herein by reference paragraphs 1 through 6, inclusive, as if fully set forth herein and with the same force and effect.

8. At all times mentioned herein, Defendant and/or DOES 1 through 100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

9. On or about August 21, 2020, Plaintiff ANNETTE SERNA was lawfully within the PREMISES. Specifically, Plaintiff was shopping at the PREMISES when Plaintiff tripped and fell onto the floor caused by a dangerous condition, particularly an improperly placed and dangerous pallet that was not open and obvious to Plaintiff.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiffs are informed, believe, and thereon allege that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants', and each of their,

---

**COMPLAINT FOR DAMAGES**

15

negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

14.     As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in excess of the jurisdictional amount.

## SECOND CAUSE OF ACTION

## GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS

15.     Plaintiffs incorporate herein by reference paragraphs 1 through 14, inclusive, as if fully set forth herein and with the same force and effect.

16.     Plaintiffs are informed, believe, and hereon allege that Plaintiffs were further injured due to negligent acts or omissions by agents, representatives or employees of Defendants, and each of them.

17.     Plaintiffs are informed, believe, and hereon allege that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties.  Plaintiffs are further informed and believe that Defendants, and each of them, breached said duty and/or duties.

18.     As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff were seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs physical, mental and nervous pain, suffering and anguish, all to Plaintiffs' general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiffs will also seek prejudgment interest for all such damages.

19.     As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs were required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiffs, and did incur medical and

**COMPLAINT FOR DAMAGES**

16

incidental expenses. The exact amount of such expenses is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

## THIRD CAUSE OF ACTION

## LOSS OF CONSORTIUM – AGAINST ALL DEFENDANTS

21. Plaintiffs incorporate herein by reference paragraphs 1 through 20, inclusive, as if fully set forth herein and with the same force and effect.

22. On August 21, 2020, Plaintiff ANNETTE SERNA, Plaintiff ALEXANDER ATANSON'S spouse, was injured due to the subject trip and fall incident, wherein Defendants' negligence caused the incident as set forth above.

23. As a direct and proximate result of Defendants' negligent conduct, Plaintiff ANNETTE SERNA suffered significant personal injuries which caused Plaintiff ANNETTE SERNA to experience significant pain, rendering her unable to perform her duties as Plaintiff ALEXANDER NATANSON'S spouse.

24. Before suffering these injuries, Plaintiff ANNETTE SERNA was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral and financial support, and solace to Plaintiff ALEXANDER NATANSON. As a direct and proximate result of the injuries, Plaintiff ANNETTE SERNA has been unable to perform the duties of a wife in that she can no longer perform said duties, specifically she can no longer assist with housework, have sexual intercourse, mother a child, participate in family, recreational, or social activities with Plaintiff ALEXANDER NATANSON, or contribute to the household income. Due to the nature of the injuries sustained by Plaintiff ANNETTE SERNA and the physical and psychological strains they cause her, Plaintiff ANNETTE SERNA is no longer able to provide Plaintiff ALEXANDER NATANSON with love, companionship, affection,

17

COMPLAINT FOR DAMAGES

society, moral support, and solace.  Due to her injuries, Plaintiff ANNETTE SERNA will be unable to perform these duties in the future.  Plaintiff ALEXANDER NATANSON is therefore deprived and will be permanently deprived of Plaintiff ANNETTE SERNA'S consortium, all to Plaintiffs' damage, in a total amount to be established by proof at trial.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.  For an award of Plaintiffs' general, special, actual and compensatory damages as proven at time of trial;

2.  For lost earnings and earning capacity, past and future, according to proof;

3.  For an award of the costs incurred by Plaintiffs in bringing and maintaining this action; as well as

4.  For such other and further relief which this Court deems just and proper.

DATED: May 23, 2022

LYFE LAW, LLP

By:_____
ROBERT L. BOOKER II
ANDY MENDOZA
Attorneys for Plaintiffs
ANNETTE SERNA & ALEXANDER
NATANSON

---

**COMPLAINT FOR DAMAGES**